**SO ORDERED.**

**SIGNED this 11th day of October, 2017.**




Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| JIMMY LEE NAASZ, | Case No. 17-11105 |
|         Debtor. | Chapter 7 |
| | |
| SAMUEL K. CROCKER, US Trustee | |
|         Plaintiff | |
| vs. | Adv. No. 17-5100 |
| CASEY PUCKETT, Individually and d/b/a UNCONTESTED DOCUMENTS | |
|         Defendant. | |

1

| | |
|---|---|
| IN RE:<br><br>WENDY JO DAINES,<br><br>    Debtor.<br> | Case No. 17-11083<br>Chapter 7 |
| SAMUEL K. CROCKER, US Trustee<br><br>    Plaintiff<br>vs.<br><br>CASEY PUCKETT , Individually and d/b/a UNCONTESTED DOCUMENTS<br><br>    Defendants. | Adv. No. 17-5101 |

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS

Defendant Casey Puckett is a bankruptcy petition preparer (BPP). Previously, he has been ordered not to charge more than $200 per petition under an agreed order with the United States Trustee that I approved and entered on March 30, 2017 (the "Consent Order").[1] The UST filed these adversary complaints seeking injunctive and other relief against Puckett under 11 U.S.C. § 110 and alleges that he is charging more than $200 in violation of the Consent Order. Rather than simply charging $200, Puckett now charges $299 or $300. Puckett told the debtors in these cases that his regular fee is $709, but that he was running a "special" under which he would prepare

---

[1] *See In re Sizemore,* No. 16-11984, Doc. 58 (Bankr. D. Kan.) and *In re Givens,* No. 16-12105, Doc. 37 (Bankr. D. Kan.). The Order also provided for additive fees for cases with more than 50 creditors and cases with unattended scheduled meetings, provisions that are not implicated in this case.

2

the debtors' papers for $199 if they also purchased a $100 gift certificate for an additional $100. Puckett disclosed in these cases that he only charged $200 for petition preparation.[2]

Puckett moves to dismiss for failure to state a claim.[3] Fed. R. Civ. P. 12(b)(6) applies in adversary proceedings and allows for dismissal of a claim upon which relief may not be granted.[4] While neither addressing nor applying the applicable standards of a motion to dismiss to the complaint as pled by the UST, he claims that his business practices are protected by the United States Constitution, federal legislation concerning "free trade," and certain rulings of the Federal Trade Commission pertaining to the unauthorized practice of law in Kansas.

Rule 12(b)(6) Standards

A plaintiff's complaint states a claim upon which relief may be granted when the facts as pled could plausibly support a cause of action against the defendant without regard for whether plaintiff could ultimately prevail on the claim.[5] The claim must be plausible on its face.[6] A plausible claim is one that shows more than a sheer

---

[2] *Naasz,* No. 17-11105, Doc. 1, p. 55; *Daines,* No. 17-11083, Doc. 1, p. 65.
[3] *Naasz,* Adv. Doc. 5; *Daines,* Adv. Doc. 5.
[4] Fed. R. Bankr. P. 7012 incorporates Fed. R. Civ. P. 12.
[5] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (In ruling on a motion to dismiss the judge must accept all allegations as true and may not dismiss on the basis that it appears unlikely the allegations can be proven.).
[6] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (enough facts must be alleged to nudge the claim across the line from conceivable to plausible).

3

possibility and less than a probability that the plaintiff is entitled to the relief he seeks.[7]

For purposes of these motions, I must take properly pled factual allegations in the complaints to be true.[8] I can also consider matters filed in these bankruptcy cases without converting the motion to dismiss to one for summary judgment under Rule 12(d).[9] Accordingly, I take judicial notice of schedules and statement of affairs filed in these cases.[10]

Analysis

The UST proceeds under § 110 of the Bankruptcy Code, a section that regulates the practices, fees, and conduct of bankruptcy petition preparers.[11] Section 110(h) grants the court powers to regulate the fees charged by preparers. A preparer who charges a fee that the Court determines exceeds the value of the preparer's services

---

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[8] *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (In reviewing the sufficiency of the complaint, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.).
[9] Fed. R. Civ. P. 12(d). *See Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1157 (D.N.M. 2013) (Conversion of motion to dismiss to one for summary judgment is not required under Rule 12(d), where court can properly take judicial notice of the extra-pleading materials); *J.P. Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1257-58, 1260-61 (D. Kan. 2006).
[10] *Navajo Nation, supra; Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000) (A court is permitted to take judicial notice of its own files and records), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001).
[11] 11 U.S.C. § 110.

to the debtor during the 12 months preceding the date of the petition may be required to forfeit it.[12] In addition, a preparer who violates any of the restrictions of § 110(h) may be assessed a $500 fine per violation.[13] A violation of § 110 or engaging in fraudulent, unfair, or deceptive conduct subjects a BPP to a judgment for the debtor's actual damages, the greater of $2,000 or double what the preparer charged the debtor in a particular case, and the debtor's attorney's fees incurred in enforcing this sanction.[14] In an appropriate case, the court may enjoin the debtor from committing similar conduct and, if the court determines that the BPP has engaged in a pattern of similar conduct before, it may enjoin him from further BPP activity altogether.[15]

In both cases, the UST's allegations, if true, are sufficient to support a finding that Puckett violated the Consent Order, § 110, and received a fee in excess of $200. It alleges that he offered his services for preparation of chapter 7 bankruptcy papers for $199, but only if the debtors also paid an additional $100 for the purchase of a $100 gift card. After debtor Daines made a $100 deposit for the preparation of her papers, Puckett charged and received an additional $199 for the bankruptcy preparation and the gift card. Debtor Naasz paid the full fee upfront. In other words, the each of the debtors paid a total of $299 for a chapter 7 bankruptcy. Puckett disclosed in the bankruptcy cases that he received a fee of $200, not $299 or $300.[16]

---

[12] § 110(h)(3)(A).
[13] § 110(l)(1).
[14] § 110(i)(1).
[15] § 110(j).
[16] Both debtors declared on the Declaration for Self-Represented Debtors completed at the § 341 meeting that they paid Puckett a total of $300.

5

Puckett advertised this "special" as a $300 bankruptcy fee, compared to his regular price of $709, which included a "pay it forward gift certificate." He did not disclose any fee for the gift card. The government has sufficiently alleged a violation of the Consent Order and § 110(h)(3), for which the UST seeks disgorgement of the fee in excess of $200.[17] If proven, Puckett's failure to disclose that debtors paid a fee of $300 violates § 110(h)(2) for which the UST seeks a $500 fine under § 110(l)(1).[18] The government sufficiently alleges that Puckett engaged in fraudulent, unfair, or deceptive conduct by advertising and implying that debtors were getting a substantial discount on his "normal" fee, a fee that he was prohibited from charging by the Consent Order, and subjects him to a $2,000 sanction under § 110(i)(1).[19] And finally, the UST states a claim for injunctive relief under § 110(j)(2)(A) to enjoin Puckett from continuing to engage in violation of the Consent Order, § 110(h), and fraudulent, unfair, or deceptive advertising,[20] The UST has stated claims that are plausible on their face and that seek relief which might plausibly be granted if the allegations supporting these claims can be proved at trial..

Accordingly, Puckett's motions to dismiss in these cases are DENIED. These adversary proceedings are set for a Pretrial Scheduling Conference on October 19, 2017 at 11:00 a.m. in Courtroom 150.

###

---

[17] Adv. Complaints, Count I.
[18] Adv. Complaints, Count II.
[19] Adv. Complaints, Count III.
[20] Adv. Complaints, Count IV.

6